IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN O. MARABLE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-3030-D |
| | § | |
| DEPARTMENT OF COMMERCE, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action is a Motion to Dismiss (ECF No. 10), filed by Defendants the Department of Commerce, Secretary Wilbur Ross, Joseph Matel, and Timothy Callahan. As set forth below, the District Court should grant Defendants' Motion and dismiss Plaintiff's claims without prejudice for lack of subject matter jurisdiction because the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101 et seq., provides the exclusive remedy for Plaintiff's employment-related claims.

**Background**

Plaintiff John Marable, Jr. worked for the United States Patent and Trademark Office ("USPTO") as a patent examiner from September 19, 2016, until his resignation, which was effective June 27, 2017. Compl. 3. (ECF No. 3). By this lawsuit, Plaintiff alleges that he involuntarily resigned from his position after being presented with a written "Notification of Termination During

Probationary Period," advising Plaintiff that his employment was being terminated for poor performance. *See id.* at 3 and n.1. Plaintiff contends that the decision to terminate him was improper because it was actually based on partisan political reasons. *Id.* at 4. Plaintiff further alleges that the USPTO's termination action was procedurally improper. *Id.*

On July 27, 2017, Plaintiff filed an appeal with the Merit Systems Protection Board ("MSPB"), arguing—as he does in this lawsuit—that he involuntarily resigned from his position as a patent examiner due to the USPTO taking an adverse employment action against him based on his partisan political activity. *Id.* On October 4, 2017, an administrative law judge ("ALJ") determined that Plaintiff was entitled to a hearing in his appeal before the MSPB, which the ALJ scheduled for November 28, 2017. *Id.* at 5. However, on October 17, 2017, the USPTO filed a motion to reschedule the hearing. *Id.* Plaintiff opposed the request to reschedule the hearing. *Id.*

On November 1, 2017, Plaintiff, proceeding *pro se*, filed this lawsuit seeking a temporary restraining order ("TRO") and a preliminary injunction directing Defendants to reinstate Plaintiff to his position with the USPTO pending the resolution of his appeal before the MSPB. *Id* at 3-4. On November 2, 2017, the District Court denied Plaintiff's request for a TRO, and entered a scheduling order with respect to the request for a preliminary injunction. *See* Orders (ECF Nos. 5, 6). On November 30, 2017, Defendants filed their response to Plaintiff's request for a preliminary injunction, as well as a Motion to Dismiss

this action for lack of subject matter jurisdiction. Defs.' Mot. 3, 7. (ECF No. 10). Plaintiff failed to file a written response to Defendants' Motion, and the time for doing so has expired. Accordingly, the Court considers the Motion without the benefit of a response.

## Legal Standards and Analysis

Defendants bring their Motion pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff's Complaint should be dismissed because the Court lacks subject matter jurisdiction to review Plaintiff's employment-related claims. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction

does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

Defendants contend that subject matter jurisdiction is lacking because the CSRA provides the sole avenue of recourse for Plaintiff's claims. Mot. 4, 5 (ECF No. 10). Congress enacted the CSRA to provide a comprehensive scheme for federal employees to challenge adverse personnel decisions. *See United States v. Fausto*, 484 U.S. 439, 455 (1988). It replaced an "outdated patchwork of statutes and rules that afforded employees the right to challenge employing actions in district courts across the country." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 13-14 (2012) (internal quotation marks and citation omitted). Generally, a plaintiff who asserts a claim against the United States arising out of conditions of his employment with the United States is obligated to pursue his claims against the government through the administrative process set forth in the CSRA. *Grisham v. United States*, 103 F.3d 24, 26 (5th Cir. 1997) (noting the comprehensive remedial scheme of CSRA).

The statutory framework of the CSRA provides that certain federal employees may seek review of certain types of adverse personnel actions before the MSPB, whose decisions may be appealed to the United States Court of Appeals for the Federal Circuit. *Elgin,* 567 U.S. at 6. Employees entitled to review are those in the "competitive service" and "excepted service" who meet certain requirements regarding probationary periods and years of service. *See* 5 U.S.C

§ 7511(a)(1). The reviewable agency actions are removal, suspension for more than 14 days, reduction in grade or pay, or furlough for 30 days or less. *Id.* § 7512; *see also Elgin*, 567 U.S. at 5-6. The sole source of federal district court review for a federal employee under the CSRA arises under 5 U.S.C. § 7703(b)(2), which refers to cases of discrimination subject to the provisions of 5 U.S.C. § 7702. *Broadway v. Block,* 694 F.2d 979, 983 (5th Cir. 1982). Cases asserting claims of reviewable discriminatory action may be filed in federal district court under the judicial review provisions of Title VII, the Age Discrimination in Employment Act, or the Equal Pay Act, as applicable. *Id.* Sections 7702 and 7703(b)(2) are designed to allocate review of discrimination claims among the MSPB, the Equal Employment Opportunity Commission, and the federal courts. *Id.* Federal courts will not provide additional remedies when Congress has already established what it considers to be sufficient remedial procedures. *See Fausto,* 484 U.S. at 455.

By this action, Plaintiff contends that the USPTO terminated his employment based on partisan political reasons and the termination action was procedurally improper.[1] Compl. 4. (ECF No. 3). Plaintiff seeks reinstatement to

---

[1] Although Plaintiff fails to allege any facts in support of his allegations, Plaintiff's MSPB Appeal Form, which Defendants submitted in support of their Motion to Dismiss, explains that Plaintiff believes he was terminated because he voted for Donald J. Trump for President, in November 2016. Defs.' Sealed App'x. 10 (ECF No. 16). Plaintiff also apparently disputes that he was required to serve a probationary period upon appointment to his position and that he was entitled to the procedures provided to a non-probationary employee before he was terminated, such as a notice of the proposed removal and opportunity to respond. *Id.*

his former Federal Civil Service position with USPTO. *Id.* Plaintiff does not allege in his Complaint that he was subjected to discriminatory conduct that would be actionable under Title VII, the Age Discrimination in Employment Act, or the Equal Pay Act. Nor does he state a claim for relief under any of those statutes. Thus, Plaintiff has not asserted any claims for discriminatory action that are reviewable in federal district court.

The MSPB, on the other hand, has exclusive authority to review the USPTO's decision to terminate Plaintiff's employment and, if appropriate, to order reinstatement. The MSPB is specifically authorized to hear an appeal challenging the termination of probationary employment on the ground that the termination was allegedly motivated by partisan political reasons. *See* 5 C.F.R. § 1201.3(a)(3). Plaintiff in fact appealed his termination to the MSPB on the ground that it was based on partisan political reasons. As of the date of the filing of Defendants' Motion, Plaintiff's Appeal was still pending before the MSPB. If Plaintiff does not secure a favorable determination from the MSPB, he may appeal to the Federal Circuit, which has exclusive jurisdiction over appeals of final decisions of the MSPB. *See Elgin*, 567 U.S. at 6.

Plaintiff's assertion that subject matter jurisdiction exists under 28 U.S.C. § 1331 is incorrect. *See* Compl. at 4. Section 1331 provides that federal district courts have jurisdiction over cases involving federal questions; the statute does not provide an avenue to avoid the remedial framework of the CSRA. *See Elgin*, 567 U.S. at 8-9, 12, 22 (rejecting Section 1331 as a vehicle to circumvent the

CSRA). Accordingly, because Plaintiff's claims fall within the MSPB's authority under the CSRA, and because Congress intended for the CSRA's administrative remedies to be the exclusive remedy for conduct covered by the statute, the Court finds that the CSRA precludes review of Plaintiff's claims in this Court. Defendants' Motion to dismiss should be GRANTED.

## RECOMMENDATION

For the reasons discussed above, the District Court should GRANT Defendants' Motion to Dismiss (ECF No. 10) and DISMISS without prejudice all of Plaintiff's claims against Defendants for lack of subject matter jurisdiction.

SO RECOMMENDED.

June 15, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).